Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-30533

v.

SAMUEL CHARLES RICHARDSON,

　　　*Defendant.*

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX    (1)    The Government moved for detention at Defendant's first appearance pursuant to:

　　　　　　XX    18 U.S.C. § 3142(f)(1).

　　　　　　__    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C.

　　　　　　§ 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

\_\_   (3)   A period of less than five years has elapsed since

    \_\_   the date of conviction, **or**

    \_\_   Defendant's release from prison for the offense described in finding (B)(1).

\_\_   (4)   Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

## C.   Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))

There is probable cause to believe that Defendant has committed an offense:

<u>XX</u>   for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act[1], **or**

\_\_   under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

\_\_   listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

\_\_   listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

\_\_   involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

\_\_   the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

## D.   Findings Pursuant to 18 U.S.C. § 3142(f)(2)

\_\_   (1)   There is a serious risk that Defendant will not appear.

\_\_   (2)   There is a serious risk that Defendant will endanger the safety of another person or the community.

## Part II - Statement of the Reasons for Detention

---

[1]Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

\_\_     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine. I find from review of the affidavit accompanying the complaint that there is a definite weight of evidence supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 37 years of age and has been a lifelong resident of the Saginaw, Michigan, area. Defendant has four children. Counsel for Defendant represents that Defendant's fiancé is willing to act as third-party custodian.

Defendant is presently unemployed and has been unemployed since January 2010. Prior to that time, Defendant worked at a restaurant for five years. Since the loss of his previous employment, Defendant has undertaken odd jobs. Defendant conceded to Pretrial Services that he uses marijuana on a daily basis and has done so since age 18. He informed Pretrial Services

that he last used marijuana two days prior to his arrest. Preliminary urinalysis testing was positive for marijuana.

Defendant's substantive criminal history, excluding traffic offenses and other minor matters, indicates that in October 1995, at age 21, Defendant was charged and pleaded guilty to domestic violence. He was sentenced to pay fines and costs. Ten months later, Defendant was charged with delivery of cocaine as well as manufacture and delivery of marijuana and felony firearm. Defendant pleaded guilty to delivery and manufacture of marijuana less than 25 grams. He was sentenced to one to four years' imprisonment. The Government represents that Defendant failed to appear for matters relating to this case. Counsel for Defendant disputes this representation and argues in addition that since these events took place almost 15 years ago, they bear little if any relevance to the factors under subsection (g)(3).

One month after the narcotics charge, Defendant was charged with resisting arrest, a charge to which he pleaded guilty and was sentenced to time served. Four months later, Defendant was charged with possession of marijuana, two counts of possession and delivery of cocaine and maintaining a drug house. He pleaded guilty to delivery of cocaine under 50 grams and was sentenced to 4 to 20 years' imprisonment. He was released on parole. The Pretrial Services Officer testified to numerous positive drug tests while Defendant was on a parole, each of which was sanctioned by three days' custody.

In September 2002, while on parole, Defendant was charged with felonious assault, felon in possession of a firearm, and habitual offender - third offense. According to testimony of the Pretrial Services Officer, this charge involved a circumstance where Defendant held a gun to a female victim's head. Within 48 hours, a state probation officer searched the bedroom occupied by Defendant and found the weapon between the mattresses of a bed. Defendant was sentenced to 18 months to 10 years' imprisonment and was released August 19, 2007. Less than four weeks later, Defendant was charged with domestic violence - second offense. He

pleaded guilty to misdemeanor domestic violence and was sentenced to nine months' probation, 93 days in jail and fines and costs. While on that probation, Defendant was charged in June 2009 with misdemeanor controlled substances possession of marijuana. He pleaded guilty to that charge and was sentenced to one day in jail and fines and costs.

As I weigh these facts under the factors set forth in the Bail Reform Act, I conclude that as a result of Defendant's consistent criminal history, his repeated failures to abide by the terms of supervision, as well as his prior history of violent and assaultive behavior, the presumption in favor of detention has not been rebutted. Although defense counsel has proposed Defendant's fiancé is a third-party custodian, and while I have no reason to doubt that Defendant's friends and family wish to support him, it is equally clear to me that thus far they have been unable to do so.  I further conclude that even if the presumption had been rebutted, I am unable on the evidence presented to craft any conditions or combination of conditions that I believe would reasonably assure the safety of the community.

Accordingly, the Government's motion to detain is **GRANTED.**


**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E Binder

CHARLES E. BINDER

Dated: October 6, 2011                    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Libby Dill and Elias Escobedo, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: October 6, 2011                By____s/Jean L. Broucek_____

Case Manager to Magistrate Judge Binder