UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,              Case No. 11-cr-20669

v.                                              Honorable Thomas L. Ludington

SAMUEL CHARLES RICHARDSON,

       Defendant-Petitioner.
_____/

**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL, DIRECTING RESPONSE, AND REFERRING TO MAGISTRATE JUDGE MORRIS**

       Petitioner Richardson was sentenced to 262 months after being convicted of possession of nine grams of cocaine base with intent to distribute and being a felon in possession of a firearm. ECF No. 56. Petitioner was sentenced as a career offender. On appeal, the Sixth Circuit overturned Petitioner's cocaine conviction. ECF No. 63. A public defender was appointed to represent Petitioner. ECF No. 69. Pursuant to a plea agreement, Petitioner pleaded guilty on October 13, 2015. ECF No. 77, 79. He was sentenced on December 17, 2015, to 151 months of incarceration on the cocaine count and 120 months of incarceration of the firearm count, to be served concurrently. ECF No. 86. Judgment was entered on December 30, 2015.

       Now, Petitioner, through the attorney appointed to represent him after his conviction was overturned, has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 88. Petitioner has concurrently filed a motion for appointment of counsel. ECF No. 88.

       In the motion to vacate, Petitioner challenges his status as a career offender. He asserts that he was sentenced as a career offender because he had two prior felony controlled substance convictions. However, he argues that he does not have two qualifying prior convictions, relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 2016 WL

4254372 (5th Cir. 2016). In *Mathis*, the Supreme Court explained how to determine if a state conviction provides a basis for imposition of career offender status under the Armed Career Criminal Act:

> Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct— his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

136 S. Ct. at 2257.

Although *Mathis* concerned application of the Armed Career Criminal Act, not the sentencing guidelines, the Fifth Circuit applied *Mathis*'s reasoning to the sentencing guidelines in *Hinkle*. The Fifth Circuit found that Hinkle's prior controlled substance conviction criminalized more conduct than was included within the elements of the relevant sentencing guidelines. For that reason, the controlled substance conviction could not serve as a predicate offense for career offender status under the guidelines.

Petitioner argues that the approach in *Hinkle* should be adopted by this Court and used to analyze his prior controlled substance convictions. If that is done, he argues, then his prior drug convictions could not serve as predicate offenses for career offender status.

Petitioner's motion for appointment of counsel will be granted. Appointment of counsel in habeas cases is discretionary unless an evidentiary hearing is required. *United States v. Boyd*, No. 04-80391, 2011 WL 318112, at *1 (E.D. Mich. Jan. 31, 2011). In determining whether appointment is appropriate, courts consider the viability of the claims made, the nature of complexity of the case, and the petitioner's ability to present his or her claims. *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004). Here, Petitioner has raised a colorable

argument that *Hinkle* should be adopted. This is a complicated and rapidly changing area of law. Accordingly, appointment of counsel will assist the Court in framing the issues and thoroughly litigating the merits of Petitioner's argument. For similar reasons, the Government will be directed to respond to Petitioner's motion to vacate. Finally, Petitioner's motion to vacate will be referred to Magistrate Judge Morris.

Accordingly, it is **ORDERED** that Petitioner Richardson's motion to appoint counsel, ECF No. 90, is **GRANTED.**

It is further **ORDERED** that this matter is **REFERRED** to Magistrate Judge Patricia T. Morris for the purpose of appointing Petitioner Richardson counsel pursuant to the Criminal Justice Act.

It is further **ORDERED** that Petitioner Richardson's motion to vacate, ECF No. 88, is **REFERRED** to Magistrate Judge Patricia T. Morris.

It is further **ORDERED** that the Government is **DIRECTED** to respond to Petitioner Richardson's motion to vacate **on or before January 27, 2017.**

Dated: January 10, 2017         s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager