UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL CHARLES RICHARDSON,

        Petitioner,

                                                    Case No. 11-cr-20669

v.                                                  Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER SUSTAINING OBJECTIONS IN PART AND OVERRULING OBJECTIONS IN PART, ADOPTING THE REPORT AND RECOMMENDATION IN PART, DENYING THE MOTION TO VACATE, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Richardson was sentenced to 262 months after being convicted of possession of nine grams of cocaine base with intent to distribute and being a felon in possession of a firearm. ECF No. 56. Petitioner was sentenced as a career offender. On appeal, the Sixth Circuit overturned Petitioner's cocaine conviction. ECF No. 63. A public defender was appointed to represent Petitioner. ECF No. 69. Pursuant to a plea agreement, Petitioner pleaded guilty on October 13, 2015. ECF No. 77, 79. He was sentenced on December 17, 2015, to 151 months of incarceration on the cocaine count and 120 months of incarceration of the firearm count, to be served concurrently. ECF No. 86. Judgment was entered on December 30, 2015.

On January 4, 2017, Petitioner, through the attorney appointed to represent him after his conviction was overturned, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 88. Petitioner concurrently filed a motion for appointment of counsel. ECF No. 88. On January 10, 2017, the Court issued an order granting the motion for appointment of counsel,

directing the Government to respond to the motion to vacate, and referring the motion to Magistrate Judge Patricia T. Morris. ECF No. 91.

On June 14, 2017, Judge Morris issued a report recommending that the motion to vacate be denied as untimely and because Richardson was properly sentenced as a career offender. ECF No. 97. Richardson has filed objections to the report and recommendation. ECF No. 98. For the reasons that follow, Richardson's objections will be overruled in part and sustained in part, the report and recommendation will be adopted in part, and Richardson's motion to vacate will be denied.

**I.**

In his motion to vacate, Richardson challenges his classification at sentencing as a career offender. Richardson received that enhancement because of two prior state court convictions: a March 1997 conviction for possession with intent to deliver marijuana and a February 1998 conviction for delivery of cocaine. Relying upon a series of recent Supreme Court cases, Richardson argues that the state crimes of which he was convicted involved elements that are broader than the corresponding federal guidelines offenses. For that reason, Richardson argues that his prior state court convictions for possession with intent to deliver and delivery of controlled substances cannot serve as predicate offenses for career offender status.

In her report and recommendation, Judge Morris recommended denial of the motion to vacate for two reasons. First, Judge Morris suggested that Richardson's motion to vacate was untimely. Second, Judge Morris found that, even if the merits of Richardson's challenge to the career offender enhancement applied to his sentence were reached, Richardson was properly sentenced as a career offender. Richardson objects to both those findings.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**III.**

**A.**

First, Richardson argues that Judge Morris erred by finding that his motion to vacate was untimely. Judgment on Richardson's sentence was originally issued on December 30, 2015. ECF No. 86. He did not appeal. The motion to vacate was filed on January 4, 2017, less than one year and one week later. ECF No. 88.

A motion seeking relief under § 2255 is untimely if it is not filed within a "1-year period of limitation. 28 U.S.C. § 2255(f). "That limitation period shall run from the latest of"

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (f)(1)–(4).

In the Sixth Circuit, a judgment of conviction becomes final, if no direct appeal is made, after one year plus the amount of time which the Petitioner had to file a direct appeal. Pursuant to Federal Rule of Appellate Procedure 4(b)(1), Richardson had fourteen days after the entry of judgment on December 30, 2015, to appeal. That period expired on January 13, 2016, and the § 2255(f)(1) one year period of limitation began to run. Because Richardson's motion to vacate was filed less than one year later, it is timely. Richardson's first objection will be sustained.[1]

**B.**

---

[1] Judge Morris focused her analysis solely on the question of whether Richardson's claim for relief was based upon a right newly recognized by the Supreme Court. *See* § 2255(f)(3). She thus appeared to overlook the applicability of an independent basis under § 2255(f) by which the motion was timely.

**1.**

In his second objection, Richardson argues that, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), he should not have been classified as a career offender. Given the tremendous amount of litigation regarding career offender status in recent years, an overview of the background law will be helpful.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the Armed Career Criminal Act's (ACCA) residual clause (which defined a "violent felony" as including an offense that "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague and violative of due process. 18 U.S.C. § 924(e)(2)(B)(ii). Thus, after *Johnson*, a defendant may be classified as a career offender under the ACCA based on prior violent felonies only if those felonies are specifically enumerated in the statute.

In *Mathis*, the Supreme Court outlined the process by which district courts should determine if a defendant's prior conviction is one of the enumerated violent felonies listed in § 924(e)(2)(B)(ii) (defining "violent felonies" as including "burglary, arson, or extortion"). 136 S. Ct. at 2243. Prior to *Mathis*, the Supreme Court required district courts to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. *Id.* at 2257. *See also Taylor v. United States*, 495 U.S. 575, 599 (1990). In *Mathis*, the Court reaffirmed that approach. As the Court explained: Because the inquiry focuses on the generic offense, the court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." *Mathis*, 136 S. Ct. at 2257.[2]

---

[2] This is called the "categorical approach."

If the elements of the state law crime are broader than the generic version of the enumerated federal offense, then the state law conviction cannot serve as a predicate for career offender status.

However, the Supreme Court has distinguished between "elements" and "means" in this context. *Id.* at 2256. According to the Court, elements are things which must be charged to establish commission of an offense, while things which need not be charged are means. *Id.* Sometimes, a statute will "set out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct at 2281. If that is the case, then the sentencing court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* That alternative element is then compared to the generic offense to determine whether it can serve as qualified enumerated offense under the ACCA. *Id.*[3]

In *Mathis*, the Supreme Court addressed the scenario that arises when the statute lists "alternative *means* of fulfilling one (or more)" or the elements. 136 S. Ct. at 2253 (emphasis added). In that case, the sentencing court may not inquire into which of the different "means" of satisfying a certain element was present in the case before the court. *Id.* at 2256. In other words, the modified categorical approach applies to statutes with alternative elements, but does not apply to statutes with alternative means of satisfying a given element.

As already explained, Richardson was not sentenced under the residual clause of the ACCA. Rather, he was sentenced under § 4B1.2(a) of the *sentencing guidelines*, which provides for classification of a defendant as a career criminal if the defendant has two prior qualifying controlled substance convictions. Because of that important distinction, the *Mathis*, *Descamps*, and *Johnson* decisions are not directly applicable to Richardson.

---

[3] This is the "modified categorical approach."

In *Hinkle*, however, the Fifth Circuit applied the Supreme Court's reasoning in *Mathis* to the provision of the *Sentencing Guidelines* establishing a career offender enhancement for two prior controlled substance convictions. 832 F.3d at 574. The Fifth Circuit recognized that *Mathis* dealt with the ACCA, but concluded that its reasoning regarding application of the categorical and modified categorical approaches was controlling even when determining whether the prior controlled substance convictions provision of the Sentencing Guidelines was applicable. *Id.* at 574–75. The *Hinkle* Court then concluded that the "method used to deliver a controlled substance" was a means, not an element, of committing the Texas crime. For that reason, the categorical approach was applied, meaning that the generic federal crime for delivering a controlled substance was compared in scope to all potential means of "delivering" under the Texas statute. *Id.* at 575–76. As the Fifth Circuit held:

> The "delivery" element of Hinkle's crime of conviction criminalizes a "greater swath of conduct than the elements of the relevant [Guidelines] offense." This "mismatch of elements" means that Hinkle's conviction for the knowing delivery of heroin is not a controlled substance offense under the Guidelines. That prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision, which is § 4B1.1.

*Id.* at 576 (quoting *Mathis*, 136 S.Ct. at 2251).

**2.**

Thus, the question is whether Richardson's prior controlled substance convictions are valid predicate offenses under USSG § 4B1.1 when viewed through the *Mathis* and *Hinkle* framework. Richardson was twice convicted of violating M.C.L. 333.7401. Section 333.7401(1) specifies that "a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form." In 1997, Richardson pleaded guilty, under 333.7401(1) & (2)(d)(iii), to possessing marijuana with intent to

deliver. In 1998, Richardson pleaded guilty, under 333.7401(1) & (2)(a)(iv), to one count of delivering cocaine and one count of possessing cocaine with intent to deliver.

The common element between those state convictions, and the one which Richardson focuses on, is 333.7401(1), which is quoted immediately above. Richardson compares that provision with USSG § 4B1.2(b), which defines controlled substance offenses as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

Richardson argues, first, that 333.7401(1) involves alternative means, not alternative elements. As an initial matter, that unsupported assertion appears inconsistent with Sixth Circuit law. *See United States v. Tibbs*, 685 F. App'x 456, 463 (6th Cir. 2017), cert. denied, No. 17-5099, 2017 WL 2909378 (U.S. Oct. 2, 2017) ("[I]t appears that in Michigan, defendants are generally charged with a particular form of the various offenses listed in the statute—manufacture, creation, or delivery or possession with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription—and the act they are charged with becomes an element of the offense.") (citing *People v. Linton*, No. 328930, 2016 WL 7333422, at *2 (Mich. Ct. App. Dec. 15, 2016); *People v. Mass*, 464 Mich. 615, 626, 628 N.W.2d 540, 547 (2001); *People v. Wolfe*, 440 Mich. 508, 516, 489 N.W.2d 748, 752 (1992), amended (Oct. 9, 1992)). Unlike in *Hinkle*, the Petitioner has not identified any Michigan authority for the proposition which holds that 333.4701(1) involves alternative means, not elements. Rather, because Michigan courts appear to require state prosecutors to charge a specific form of the various offenses listed in 333.4701(1), that section appears to contain alternative elements.

Because 333.4701(1) contains alternative elements, then the question becomes whether the particular element which Richardson was convicted of is broader than the generic offense in USSG § 4B1.2(b).[4] As explained above, Richardson was convicted of delivery and possession with intent to deliver. USSG § 4B1.2(b) does not expressly prohibit "delivery," but the Sixth Circuit has repeatedly held that the Sentencing Guidelines' use of "distribution" encompasses "delivery." For example, in *United States v. Solomon*, the court held:

> Solomon's conviction therefore was for a controlled substance offense within the meaning of § 4B1.2(b) of the Guidelines: it was for possession of a controlled substance with intent to "distribute," because "deliver" plainly falls within the meaning of "distribute" in § 4B1.2(b), and it was punishable by imprisonment for a term exceeding one year. The fact that Solomon was convicted of attempted possession does not change this conclusion: Application Note 1 to § 4B1.2 of the Guidelines makes clear that "controlled substance offense" includes attempt to commit a controlled substance offense.

592 F. App'x 359, 361 (6th Cir. 2014).

And most recently, in *United States v. Smith*, the Sixth Circuit held that a prior Illinois conviction for delivery of a controlled substance was a valid predicate offense under USSG § 4B1.2. *United States v. Smith*, 681 F. App'x 483, 488 (6th Cir. 2017). The Illinois statute defined "delivery" as "'the actual, constructive, or attempted transfer of possession of a controlled substance, with or

---

[4] Even if 333.4701(1) were construed as containing alternative means, Richardson would not prevail. The only additional factor to consider in that instance would be whether the definition of "create" under Michigan law involves a broader swath of conduct than is contemplated in USSG § 4B1.2. *Tibbs* considered the meaning of "create" and did not find it problematic. *See Tibbs*, 685 F. App'x at 463 ("[A]lthough there is no Michigan case addressing the meaning of "create," in context it is likely that the word is included in the statute in addition to "manufacture" because it refers to the objects "a prescription form" and "a counterfeit prescription form."). And, as the Government argues, a plausible interpretation of the statute is that "create" and "manufacture" are redundant synonyms. *See United States v. Costello*, 666 F.3d 1040, 1048 (7th Cir. 2012) ("Statutory redundancy is common, and also common as we've said is for a statute to string together words of prohibition that are almost synonyms, the better to plug potential loopholes."). Certainly, Richardson has provided no example of conduct that might be considered "creating" under Michigan law but not "manufacturing" under USSG § 4B1.2. At best, manufacturing might be defined as creating additional amounts of a known controlled substance, while creating might be defined as creating a new, synthetic drug that involves a new chemical formula but produces a similar physical effect. But USSG 4B1.2 also prohibits the manufacture of "a counterfeit substance," which would plausibly encompass that alternative definition of "creation." In short, Richardson has not explained how the inclusion of "creation" in 333.4701(1) raises the possibility that a person might be convicted based on conduct not contemplated in USSG § 4B1.2.

without consideration, whether or not there is an agency relationship.'" *Id.* Similarly, Michigan law defines delivery as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." M.C.L. 333.7105. The two definitions are materially identical (and both include attempts to transfer, the element which Richardson focuses on). In *Smith*, the Sixth Circuit held that "this element of the offense falls squarely within the Guidelines definition and does not cover conduct broader than that covered by the Guidelines." 681 F. App'x at 488.

Thus, the statute under which Richardson was convicted does not contain elements which are broader than the elements of the relevant Sentencing Guidelines definition. In other words, the state statute does not criminalize conduct that would not form the basis for a valid predicate offender under the Sentencing Guidelines. Richardson's prior controlled substance convictions were properly used as predicate offenses for career offender status under USSG § 4B1.1. Because Richardson was properly characterized as a career offender, his motion to vacate his sentence will be denied.

**C.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

### IV.

Accordingly, it is **ORDERED** that Petitioner Richardson's objections to the report and recommendation, ECF No. 98, are **SUSTAINED in part and OVERRULED in part.**

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 97, is **ADOPTED in part.**

It is further **ORDERED** that Petitioner Richardson's motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 88, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

Dated: November 17, 2017            s/Thomas L. Ludington
                                                                   THOMAS L. LUDINGTON
                                                                   United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2017.

                                         s/Kelly Winslow
                                         KELLY WINSLOW. Case Manager